## JURISDICTION IN ERROR PROCEEDINGS.

Common Pleas Court of Hamilton County.

CHARLES WEBER v. FRANK BAUER.

Decided January 15, 1916.

*Proceedings in Error—Jurisdiction Can Not be Conferred When the Proceeding is Not Brought Within the Time Fixed by Statute.*

Jurisdiction can not be conferred in an error proceeding by waiver of service of summons and the voluntary entering of appearance

by the defendant in error, when the petition in error and the bill of exceptions were not filed within the statutory period.

*Walter Muhlhauser*, for plaintiff.
*Richard Hingson*, contra.

NIPPERT, J.

The defendant in this action has filed a motion to strike from the files the bill of exceptions and the petition in error heretofore filed in this cause for the reason that the proceeding in this court was not commenced until after seventy days had elapsed since the entry of the judgment in the court below.

Section 12270 of our code was amended by the Ohio Legislature on April 28, 1913, reducing the time of the commencement of error proceedings from four months to seventy days (see 103 O. L., 835, entitled an act to amend Section 12270, General Code), as follows:

"No proceeding to reverse, vacate or modify a judgment or final order shall be commenced unless within seventy days after the entry of the judgment or final order complained of; or in case the person entitled to such proceedings is an infant, a person of unsound mind, or imprisoned, within seventy days, exclusive of the time of such disability."

The judgment in the court below was rendered April 19, 1915, and the petition of plaintiff in error was filed in this court November 12, 1915, a period of almost six months having elapsed between the date of the judgment and the filing of the petition in error. So that upon the face of the record, in view of Section 12270 as amended, the plaintiff in error does not come within the period required by the statute.

It is a well known fact that error proceedings are strictly statutory, are not remedial, and the statute must be strictly adhered to. But the plaintiff in error advanced the theory in support of his contention that the defendant recognized t¹ general jurisdiction of the court by indorsing upon the petition in error the waiver of the issuance and service of summons and voluntarily entering his appearance to these proceedings. The court does not think this point well taken, since the signing of a waiver and voluntary appearance of the defendant in

error after the time limit has expired can not set aside the explicit terms of the statute governing the time within which the petition must be filed, nor can the court take jurisdiction by consent after the statute has denied to the court jurisdiction in such cases.

The contention of the defendant in error is upheld by our Supreme Court in the case of *Brown* v. *Coal Co.*, 48 Ohio St., 542, where the court says:

"Proceeding in error, as regards the judgment rendered at January term, was commenced too late. If the plaintiff's case in error were in other respects well founded, a review of the judgment could not now be had in this court, more than six months (act of March 28, 1889; Section 6723, Revised Statutes) having elapsed between the date of the judgment and the commencement of the error proceeding."

Thus it appears that this court has acquired no jurisdiction of the case.

From the record in the municipal court, it appears that Frank Bauer, defendant in error, who was then plaintiff below, recovered a judgment against the defendant, Charles Weber, for $61.63; that by consent of counsel, jury was waived and the case submitted to the court, and on April 20, the court entered the following judgment:

"This cause came on this day to be heard; plaintiff and defendant present and testified. The court being fully advised, rendered a judgment for plaintiff on his bill of particulars in the sum of $61.63 and the costs of this action taxed at $——; to all of which defendant by his counsel excepts."

Thereupon, on the same day the defendant filed his motion for a new trial and a rehearing. Upon September 8, 1915, the court overruled the motion for a new trial and reaffirmed the judgment rendered against the defendant below on April 20, 1915.

Plaintiff in error now contends that the seventy days permitted under the statute in which to file these proceedings in error, should not begin to run until after September 8. the date upon which the court below overruled the motion for a new trial.

It must be remembered that the judgment entry went on record in the court below on April 20, 1915. The Supreme Court in the case of *Dowty* v. *Pepple,* 58 Ohio St., 395, where a question similar to the one in this case was submitted, held, that Section 6723, Revised Statutes, now Section 11270, General Code, must be interpreted as applying to the date of the entry of judgment. The facts in that case were about as follows: The case, like the case at bar, was tried to the court without the intervention of a jury. Judgment was rendered. A motion for a new trial was heard and submitted a few days after the rendition of the judgment, but owing to the continued absence of the trial judge from the county, this motion for a new trial was not passed upon until after the expiration of six months from the rendition of the judgment, and the court there said:

. "The allegation of the petition in error, even if it were supported by the record, is not sufficient to take the case out of the operation of Section 6723, Revised Statutes. (Sustaining its ruling in *Young* v. *Shallenberger,* 53 Ohio St., 291.) 'The statute has declared in explicit terms, that no proceeding to reverse a judgment shall be commenced unless within six months after the rendition of the judgment, and the court is powerless to enlarge its terms, if it desired to do so.' "

The court in the Young case also held that the overruling of a motion for a new trial is not a final order upon which error can be prosecuted. Error lies to the judgment, but not to the decision on the motion for a new trial. This is in harmony with the settled rule in this state, that an order of the court overruling a motion to set aside the verdict of a jury and grant a new trial, is not a final judgment or order, for the reversal of which error can be prosecuted before the final disposition of the case. This was so held in the case of *Conord* v. *Runnels,* 23 Ohio St., 601.

Thus, the court being powerless to enlarge the terms of the statute, even if it desired to so do, the motion of defendant in error to strike the bill of exceptions from the files and dismiss the petition of plaintiff in error herein will be granted.